<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| A.D., | : | |
| Plaintiff, | : | Civil Action No. 24-6321 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff A.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. C<small>IV</small>. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's applications for disability insurance benefits and supplemental security income, alleging disability beginning July 18, 2008. Plaintiff's date last insured ("DLI") is December 31, 2013. Thus, the period at issue in this case begins on July 18, 2008 and runs to December 31, 2013 (the "period at issue"), and Plaintiff must establish disability within some part of the period at issue. A hearing was held before ALJ Elizabeth A. Lardaro (the "ALJ") on August 15, 2023, and the ALJ issued an unfavorable decision on September 27, 2023, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's

request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of September 27, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain environmental and nonexertional limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds, but this Court need only reach the argument that succeeds: at step four, the ALJ erred by overlooking relevant medical evidence of record.

Plaintiff argues that the ALJ erred by failing to consider, or even to mention, relevant medical evidence from Drs. Tobe, David, Sapega, and Larocca. The parties agree that the ALJ's decision does not mention certain documents in the record that appear to be reports from these four physicians. The Commissioner responds with two arguments: 1) some of these reports were generated after the DLI and are not relevant to the period pre-DLI; and 2) some of these reports are "not treatment evidence." (Def.'s Opp. Br. at 10.) The Commissioner's opposition brief states:

> Plaintiff also refers to independent medical examinations created in support of her disputed Worker's Compensation claim (Pl. Bt. 5-9). During the relevant period, In September 2013, Dr. Alexander A. Sapega's physical examination revealed some abnormalities in sensation and muscle weakness in the leg (Tr. 1988). Dr.

> Sapega concluded that Plaintiff had some type of peripheral neuropathic abnormality, possibly posttraumatic saphenous neuritis and/or L3-4 radiculopathy (Tr. 1994). In March 2013, Dr. David Henry[1] interpreted the claimant's cervical and lumbar spine MRis as showing degenerative disc disease and disc bulges C5-6 and C6-7, C5-6, and C6-7, and a disc bulge at L5-S1 (Tr. 2002, 2003). These opinions were not treatment evidence but rather opinions generated for Worker's Compensation purposes.
>
> The other examinations Plaintiff's Brief refers to (Pl. Bt. 5-9) post-dated December 31, 2013, by years, and therefore were not relevant to whether Plaintiff was disabled while she was still insured.

(Def.'s Opp. Br. at 10.)

The Commissioner thus contends that the reports of Doctors Tobe and Larocca post-date the period at issue and are not relevant to it. The Court has examined these records and finds that the Commissioner's contention is not entirely accurate. Dr. Larocca's report, dated April 30, 2015, mentions the results of MRI imaging of Plaintiff's cervical and lumbar spine, performed on May 24, 2013. (Tr. 2007-2009.) According to Dr. Larocca's report, the MRI imaging detected "herniated nucleus pulposus," and Dr. Larocca stated a diagnostic impression of "neck pain associated with herniated nucleus pulposus." (Tr. 2008.) Dr. Larocca also stated a diagnostic impression of "chronic lumbar strain possible SI joint dysfunction." (Id.) The Court makes no medical inferences from this document but finds that the Larocca report is medical evidence that is relevant to the period at issue, despite the fact that the document is dated after the period at issue, because it makes statements that may be informative about the period at issue. The Court rejects the Commissioner's argument that it was proper for the ALJ to overlook the Larocca report.

As to the reports from Dr. Tobe, the record contains a psychiatric evaluation report dated

---

[1] The Commissioner has made a minor error: that physician's name is Dr. Henry David, not Dr. David Henry.

3

June 13, 2009.  (Tr. 1995-97.)   The report contains clear statements of Dr. Tobe's opinion about the extent of Plaintiff's disability during the period at issue.  (Tr. 1997.)   The record also contains a psychiatric evaluation report from Dr. Tobe, dated June 28, 2019, but the report contains opinions about disability stemming from a 2011 work injury.   (Tr. 1977-78.)  Plaintiff's opening brief also refers to an evaluation in 2016 by Dr. Tobe, but contains no citation to the record; the Court infers that the present record does not include the 2016 report.   Again, as with the Larocca report, the Court makes no medical inferences from the 2009 and 2019 Tobe reports but finds that both reports are medical evidence that is relevant to the period at issue, despite the fact that the 2019 report is dated after the period at issue, because it makes statements that may be informative about the period at issue.   The 2009 report is plainly relevant to the period at issue.   The Court rejects the Commissioner's argument that it was proper for the ALJ to overlook the 2009 and 2019 Tobe reports.

As to the Sapega and David reports, the Court observes that the Commissioner does not dispute that the record contains evidence from these physicians that relates to "the relevant period," and that the ALJ's decision made no mention of Drs. Sapega and David.   (Def.'s Opp. Br. at 10.)    The Commissioner's only argument in opposition to Plaintiff's argument is that "these opinions were not treatment evidence."   (Id.)   The Commissioner cites no law in support, nor any explanation of how medical evidence that does not involve treatment is not medical evidence.[2]  The Commissioner also argues: "The other opinions that Plaintiff points to, related to her Worker's Compensation claim, do not demonstrate functional limitations, only diagnoses, and diagnoses alone are not sufficient to prove disability on or before December 31, 2013."

---

[2] The Court observes that, as a general matter, the state agency physicians, whose reports are often crucial to the ALJ's decision in Social Security appeal cases, have not treated the claimant,

4

(Def.'s Opp. Br. at 12.)   Again, the Commissioner's brief cites to no legal authority to support the contention that the ALJ may ignore medical reports containing diagnoses.   The Sapega report plainly contains relevant medical evidence about the period at issue.   (Tr. 1983-91.)   The David report also plainly contains relevant medical evidence about the period at issue.   (Tr. 2001-06.)   The Court finds that the Commissioner has provided no legal justification for the ALJ's failure to discuss the Sapega and David reports.

In Plummer v. Apfel, the Third Circuit concisely stated the principles relevant to this case:

> [A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence.   When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.   The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted).   It is well-settled in Third Circuit law that the ALJ must explain why relevant evidence has been rejected:

> This court has recognized that there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record.   We have emphasized our concern in a long line of cases. Thus in *Kennedy v. Richardson*, 454 F.2d 376 (3d Cir. 1972), we vacated and remanded the decision of the ALJ because it failed to afford an explanation why the ALJ rejected medical evidence that supported the claimant which was inconsistent with other medical evidence and the ALJ's findings. In *Hargenrader v. Califano, supra*, we reversed and remanded the decision of the hearing examiner because he had failed to address significant items of evidence which were in direct conflict with his findings.
>
> Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper. . . .
>
> Turning to the decision of the ALJ in this case, we note there was expert medical

---

but are generally considered relevant medical evidence nonetheless.

      testimony that was probative and supportive of Cotter's claim which conflicted
      with the medical testimony accepted by the ALJ. The ALJ's failure to explain his
      implicit rejection of this evidence or even to acknowledge its presence was error.

<u>Cotter v. Harris</u>, 642 F.2d 700, 706-707 (3d Cir. 1981). The ALJ's residual functional capacity determination at step four does not comport with Third Circuit law. The ALJ did not consider all the evidence. As discussed, the ALJ overlooked relevant evidence and gave no explanation for doing so. This constitutes reversible error.

    In arriving at the residual functional capacity determination at step four, the ALJ violated the requirements of Third Circuit law; this constitutes reversible error. For this reason, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                                        s/ Stanley R. Chesler
                                                                STANLEY R. CHESLER, U.S.D.J.

Dated: April 30, 2025